IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIERRA FOREST PRODUCTS, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>DIRK KEMPTHORNE, in his official capacity as Secretary of the Interior; U.S. DEPARTMENT OF INTERIOR; H. DALE HALL, in his official capacity as Director of the Fish & Wildlife Service; and U.S. FISH & WILDLIFE SERVICE,<br><br>        Defendants,<br><br>    and<br><br>CENTER FOR BIOLOGICAL DIVERSITY; SIERRA NEVADA FOREST PROTECTION CAMPAIGN; SIERRA CLUB; and NATURAL RESORUCES DEFENSE COUNCIL,<br><br>        Defendant-Intervenors./ | No. Civ. S-07-0060 DFL GGH<br><br><u>Memorandum of Opinion<br>         and Order</u> |

On January 10, 2007, plaintiff Sierra Forest Products, Inc. filed a complaint challenging the U.S. Fish and Wildlife

Service's decision to place the fisher on the list of species under consideration for Endangered Species Act ("ESA") protection.  On February 28, Center for Biological Diversity, Sierra Nevada Forest Protection Campaign, Sierra Club, and Natural Resources Defense Council (collectively, "proposed intervenors") filed a motion for leave to intervene as defendants.  Sierra Forest Products filed a motion of non-opposition and the government did not file a responsive pleading.  For the reasons below, the court GRANTS the motion.

   The proposed intervenors are entitled to intervene as of right under Federal Rule of Civil Procedure 24(a).

> An applicant for intervention as of right must demonstrate that: (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. Although the party seeking to intervene bears the burden of showing those four elements are met, the requirements for intervention are broadly interpreted in favor of intervention.

Prete v. Bradbury, 438 F.3d 949, 954 (9th Cir. 2006)(internal quotation marks and citations omitted).  Here, the proposed intervenors sought to intervene within two months of the action's filing and have dedicated significant resources to earlier efforts to get the fisher on the ESA consideration list. The removal of the fisher from the list, as sought by Sierra

Forest Products, would threaten the proposed intervenors' interests in protecting the bird.  Because the government must balance broad and competing interests when deciding whether to keep the fisher on the list, the proposed intervenors may provide a different defense of the environmental and conservationist interests at stake.  See <u>Forest Conservation Council v. U.S. Forest Service</u>, 66 F.3d 1489, 1499 (9th Cir. 1995)(finding that Arizona and Apache County could intervene because "the Forest Service is required to represent a broader view" rather than the intervenors' "more narrow, parochial interests").  Therefore, the court GRANTS the motion to intervene.  The proposed answer lodged by the intervenors on February 28 shall be filed as the intervenors' answer.

    IT IS SO ORDERED.

Dated:  June 14, 2007

/s/ David F. Levi_____
DAVID F. LEVI
United States District Judge